A. A. Guarnera, Appellant, v. County of Lee et al., Appellees.

Gen. No. 9,056.

Opinion filed March 24, 1936. Rehearing denied April 28, 1936.

MARK C. KELLER, of Dixon, for appellant.

EDWARD A. JONES, State's Attorney, for appellees.

MR. JUSTICE DOVE delivered the opinion of the court.

On the 16th day of November, 1934, the plaintiff filed his complaint in the circuit court of Lee county, which sought to permanently enjoin the county of Lee and various cities and incorporated villages therein, together with the State's attorney, sheriff and other law enforcing officers of both the county and the several municipalities from seizing, confiscating, interfering with or preventing the use and operation of certain machines described in the complaint. It was also sought to perpetually restrain the defendants from arresting or causing to be arrested any person who may keep, operate or use any such machine in any saloon, tavern, inn or room in any of the enumerated municipalities. The machines were described in the complaint and it is alleged therein that they were manufactured by the Mills Novelty Company of Chicago and that they were either owned by the plaintiff or leased by him from said company.

Upon the filing of the complaint, a temporary injunction was issued. Thereafter an answer was filed by the several defendants and the cause was referred to a special master in chancery, who took the evidence and found from it that the machines were operated as gambling devices and recommended that the preliminary injunction be dissolved and that the complaint be dismissed for want of equity. Upon a hearing before the chancellor, exceptions to the report of the special master were overruled and a decree was en-

tered dissolving the temporary injunction and dismissing the, complaint for want of equity. It is to reverse this decree that the record is brought to this court for review.

Counsel for appellant insist that the evidence discloses that the machines described in the complaint are not gambling devices but are designed and intended solely for the vending of packages of mints and other confections and that the deposit of a nickel coin in the machine invariably yielded up to the purchaser a five-cent package of mints and that while at intervals the machine also yielded up from two to twenty metal tokens, still these metal tokens when used in the machine did not cause any mints to be released, and if these metal tokens had any redeemable or trade value, such use of them was clearly against the intent of the plaintiff and against his will.

We have read the evidence in this record. It discloses that these machines are manufactured by the Mills Novelty Company of Chicago and are identical with the machines considered by this court in the case of *Harder v. County of Ogle,* 281 Ill. App. 613. That case is unreported, but the opinion therein was filed in this court on July 6, 1935. We there held that these machines were clearly gambling devices and quoted at length from the case of *Almy Mfg. Co. v. The City of Chicago,* 202 Ill. App. 240.

In the instant case the evidence discloses that the owners or operators of the restaurants, saloons, taverns and other places where these machines were placed redeemed the tokens thrown out by the machine and that the value of each token was five cents in trade. In some of the places where the machines were placed, the owners or operators of the places redeemed the tokens in cash. The evidence further discloses that the machines can be operated by depositing the tokens therein and when so operated the machine would not yield mints but would, at intervals, yield tokens. It

would only yield mints when operated with a nickel coin. All of the evidence convinces us that these machines are wholly machines of chance. There is no skill essential to win when playing one of these machines. All that is necessary is to be able to deposit a coin and pull the lever. The result is left to the mechanism of the machine and to chance. After the lever is pulled, the mechanism of the machine determines whether the player shall be rewarded with a package of one cent mints for his nickel or whether he shall receive numerous tokens which will be redeemed either in trade or in cash. It is apparent that the intention of the manufacturer was to evade the gambling laws of this State. The fact that the machines pay out tokens instead of cash does not make them less a gambling device. Wherever these machines are played, the evidence discloses that the earnings to the operator or lessee are substantial. This money, of course, comes from the pockets of those who are lured by the operation of the machine. As said in *Almy Mfg. Co. v. City of Chicago, supra,* the purpose of these machines was to stimulate the gambling propensity, the very propensity the legislature sought to repress. The element of chance is the soul of the transaction. The person who operates the machine hopes by chance to get something for nothing. The person in whose saloon or tavern the machine is placed hopes chance will save him from giving something for nothing. Each is pecuniarily interested adverse to the other in a result to be determined solely by chance. "It is a gamble" which will win, and we have no doubt the transaction is gambling in the statutory sense of the word.

The chancellor, upon the hearing, very properly dissolved the temporary injunction which had been improvidently granted and dismissed the bill for want of equity. The decree of the lower court is affirmed.

*Decree affirmed.*